UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JO ANGELES RICHARDSON and MARY RICHARDSON**, As Co-Guardian of **MYRON EARL RICHARDSON, and MYRON EARL RICHARDSON,** 4225 Witherspoon Avenue Pennsauken, NJ  08109<br><br>            **Plaintiffs**,<br><br>    v.<br><br>**BALTIMORE WASHINGTON MEDICAL CENTER, INC., d/b/a UNIVERSITY OF MARYLAND BALTIMORE WASHINGTON MEDICAL CENTER** 301 Hospital Drive Glen Burnie, MD  21061 **Resident Agent:** Office of General Counsel 250 West Pratt Street, 24th Floor Baltimore, MD  21201<br><br>**UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION** **Resident Agent** Adil A. Daudi 250 West Pratt Street, 24th Floor Baltimore, MD  21201<br><br>**JORDON ASSADI, D.O.** 365 Hospital Drive, Suite 305 Glen Burnie, MD  21061<br><br>            **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Comes now, Plaintiffs, Jo Angeles Richardson and Mary Richardson, as Co-Guardians and Next Friend of Myron Richardson, by and through their attorneys, Gilbert F. Shelsby, Jr. and Shelsby and Leoni, P.A. and hereby sues the Defendants, Baltimore Washington Medical Center, Inc., d/b/a University of Maryland Baltimore Washington Medical Center, University of

Maryland Medical System Corporation, and Jordan Assadi, D.O., and in support of their claim respectfully state as follows.

## PARTIES AND JURISDICTION

1.  Plaintiffs, Jo Angeles Richardson and Mary Richardson are the duly appointed guardians of Myron Earl Richardson who is a disabled individual.  Plaintiffs, Jo Angeles Richardson and Mary Richardson are residents of New Jersey and are authorized to bring this action on behalf of Myron Earl Richardson who resides at 4225 Witherspoon Avenue, Pennsauken, NJ 08109.  Plaintiff, Myron Earl Richardson currently resides at the above address under the care of Mary Richardson.

2.  The Defendant, Baltimore Washington Medical Center, Inc., doing business as University of Maryland Baltimore Washington Medical Center (hereinafter referred to as "BWMC") is a hospital which is part of the University of Maryland Medical System and operates at 301 Hospital Drive, Glen Burnie, Maryland 21061.  At all pertinent times, the healthcare providers attending to Myron Earl Richardson at BWMC, including but not limited to, Jordan Assadi, DO, were agents, servants and employees acting within the scope of employment for BWMC.

3.  That the Defendant, University of Maryland Medical System Corporation (hereinafter "UMMS"), owns and operates BWMC and at all pertinent times, the healthcare providers attending to Myron Earl Richardson, including but not limited to, Jordan Assadi, DO, were agents, actual and and/or apparent, servants and employees of UMMS acting within the scope of their employment.

4.  The Defendant, Jordan Assadi, D.O., is an intensivist practicing in the ICU at BWMC.  At all pertinent times, Dr. Jordan Assadi, D.O. was the actual and/or apparent agent, servant and/or employee of both UMMS and BWMC acting within the scope of his employment.

5.      Venue is proper in the United States District Court of Maryland pursuant to 28 U.S.C. §1332 as there is diversity jurisdiction and the amount in controversy exceeds $75,000.00.

6.      The resident agent for Defendants, UMMS and BWMC is Adil A. Daudi and service of the corporation can be made at 250 West Pratt Street, 24th Floor, Baltimore, Maryland 21201.

7.      The amount in controversy is in excess of the required jurisdictional amount of $30,000.00 for claims subject to the jurisdiction of the Health Care Alternative Dispute Resolution Office.  Plaintiffs filed a Statement of Claim and the required Certificate of Qualified Expert and Request for Waiver of Arbitration.  On November 1, 2022, an Order of Transfer was entered.  See Exhibit "1".

## FACTS COMMOM TO ALL COUNTS

8.      That Plaintiff, Myron Earl Richardson was admitted to Baltimore Washington Medical Center on May 16, 2021 for evaluation of shortness of breath.

9.      On admission, Plaintiff was neurologically intact and gave conscious consent for endotracheal intubation which was successfully accomplished without difficulty.

10.     The working diagnosis was congestive heart failure versus community acquired pneumonia.

11.     Plaintiff was admitted to the ICU where he was sedated and continued on mechanical ventilation.

12.     That a week after admission and the emergency room intubation, Plaintiff underwent several spontaneous breathing trials to determine if he could be extubated.  He passed several trials but his state of consciousness precluded extubation.

13.     That on May 26, Dr. Assadi extubated Plaintiff who immediately became striderous, indicating an upper airway obstruction.

14. Dr. Assadi made multiple attempts to intubate Myron Richardson and described the airway as edematous. Dr. Assadi attempted to intubate Mr. Richardson with a 7.5 mm endotracheal tube which was unsuccessful. He was eventually able to intubate Plaintiff but not before Mr. Richardson suffered a lack of oxygen sufficient to cause hypoxic ischemic encephalopathy.

15. That anesthesia or a surgery consultation were not called to assist in the intubation.

16. That as a result of a delay in obtaining an airway, causing hypoxic ischemic encephalopathy, Plaintiff, Myron Richardson, suffered brain damage and other multiorgan damage causing significant loss of function and disability.

## Count I - Medical Negligence

17. Plaintiffs adopt and incorporate the previous paragraphs as if fully set forth herein.

18. The Defendants, each individually and through their agents, servants and employees (actual and/or apparent) owed Plaintiff, Myron Earl Richardson the duty to exercise that degree of skill and care appropriate for reasonably competent like healthcare providers under the same or similar circumstances.

19. That in their care and treatment of the Plaintiff, Myron Earl Richardson, the Defendants individually and jointly, failed to exercise that degree of skill, care and diligence which reasonably competent like healthcare providers would have exercised under the same or similar circumstances, breached the applicable standard of care and were negligent in their:

    a.) Failure to properly extubate Plaintiff;

    b.) Failure to perform a proper evaluation of the upper airway before extubation and failure to perform adequate testing prior to extubation;

    c.) Failure to manage the Plaintiff's airway after extubation;

  d.) Failure to call for assistance including anesthesia and or surgery;

  e.) Failure to employ appropriate procedures and options to obtain an adequate airway;

  f.) Failure to provide appropriate treatment and care prior to, and subsequent to, extubation to ensure maintenance of an adequate airway and to provide a safe environment in the ICU for patients like Myron Earl Richardson;

  g.) Failure to follow appropriate policies, procedures and protocols for extubation and management of an airway and/or failure to have appropriate policies, procedures and protocols in place to make sure that an appropriate airway was maintained for a patient like Plaintiff and to provide a safe environment in the ICU for patients like Myron Earl Richardson;

  h.) Failure to adequately prepare for extubation including having adequate resources, staff and materials available for a safe and proper extubation; and

  i.) Were otherwise negligent as discovery will disclose.

20. The above-described negligence of the Defendants, jointly and severally, without any negligence on the part of the Plaintiff, Myron Earl Richardson, contributing thereto, proximately caused Plaintiff to suffer hypoxic ischemic encephalopathy and multiorgan damage resulting in extensive brain damage, loss of function and disability. All of these conditions are permanent.

21. That the above-described negligence of the Defendants, jointly and severally, proximately caused Plaintiff, Myron Richardson, to suffer conscious pain and suffering, disfigurement and disability which is permanent.

22. That the above-described negligence of the Defendants, jointly and severally proximately caused Plaintiff to suffer and sustain medical expenses in the past and the need for medical treatment and medical expenses in the future to address his needs and damages. These damages are permanent as is the need for future medical treatment, resources and accommodations to address Plaintiff's medical condition.

**WHEREFORE**, Plaintiffs respectfully request and demand that a judgment be entered against the Defendants, Baltimore Washington Medical Center, d/b/a University of Maryland Baltimore Washington Medical Center, University of Maryland medical System Corporation and Jordan Assadi, D.O., jointly and severally for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

        **SHELSBY & LEONI**

        ***/s/Gilbert F. Shelsby, Jr.***
        Gilbert F. Shelsby, Jr., Esquire
        *(Member of the Maryland Bar)*
        221 Main Street
        Wilmington, DE  19804
        *AIS #8501010560*
        302-995-6210
        gshelsby@mslde.com

DATE:  December 19, 2022

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all issues in this matter.

        **SHELSBY & LEONI**

        ***/s/Gilbert F. Shelsby, Jr.***
        Gilbert F. Shelsby, Jr., Esquire
        *(Member of the Maryland Bar)*
        221 Main Street
        Wilmington, DE  19804
        *AIS #8501010560*
        302-995-6210
        gshelsby@mslde.com

DATE:  December 19, 2022